RE: RISK MANAGEMENT PROGRAM/DEPARTMENT OF TOURISM
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER REQUESTING AN OFFICIAL OPINION ON WHETHER CONCESSION LESSEES WITH THE DEPARTMENT OF TOURISM MAY BE LEGITIMATELY COVERED BY THE STATE'S RISK MANAGEMENT PROGRAM, AS TO TORT LIABILITY ASSOCIATED WITH THEIR OPERATIONS. THE ANSWER TO YOUR QUESTION IS ALWAYS GOING TO BE DEPENDENT UPON A FACTUAL REVIEW OF THE PARTICULAR CONTRACTUAL RELATIONSHIP IN QUESTION. ACCORDINGLY, UNDER THE LAWS GOVERNING THIS OFFICE, A FORMAL OPINION IN REPLY TO YOUR LETTER CANNOT BE ISSUED WHICH WOULD RESOLVE YOUR INQUIRIES. HOWEVER, THE ATTORNEY GENERAL HAS AUTHORIZED ME TO RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL INFORMATIONAL LETTER. ALL OF MY COMMENTS ARE RELATED SOLELY TO STATE CONTRACTUAL EMPLOYMENT ARRANGEMENTS.
IN GENERAL TERMS, THE GOVERNMENTAL TORT CLAIMS ACT AFFIRMS THAT THE STATE CONTINUES TO RECOGNIZE THE VITALITY OF THE DOCTRINE OF SOVEREIGN IMMUNITY, SUCH IMMUNITY BEING WAIVED ONLY TO THE EXTENT AND UNDER THE CONDITIONS SPELLED OUT IN THE ACT. ATTORNEY GENERAL OPINION NO. 88-016. ONE IMPORTANT ASPECT OF THE ACT IS THAT IT ORDINARILY REQUIRES THAT THE INDIVIDUAL STATE "EMPLOYEE" WHO MAY HAVE ACTUALLY CAUSED A TORTIOUS EVENT TO HAPPEN TO BE DEEMED IMMUNE FROM ANY LIABILITY UNDER THE-LAW. 51 O.S. 152.1 AND 52 O.S. 153 (1987); ATTORNEY GENERAL OPINION NO. 88-013. RATHER, THE STATE ASSUMES SUCH LIABILITY FOR THE EMPLOYEE, EXCEPT IN CASES WHERE THE EMPLOYEE IS FOUND TO HAVE ACTED BEYOND THE SCOPE OF EMPLOYMENT.
THEREFORE, IF A PERSON IS LEGALLY DEEMED AN "EMPLOYEE" OF THE STATE, THAT PERSON CAN, AND INDEED, AUTOMATICALLY IS, COVERED BY THE STATE'S RISK MANAGEMENT PROGRAM. AN "EMPLOYEE" IS DEFINED IN THE ACT AS FOLLOWS, IN PERTINENT PART:
 "EMPLOYEE" MEANS ANY PERSON WHO IS AUTHORIZED TO ACT IN BEHALF OF A POLITICAL SUBDIVISION OR THE STATE WHETHER THAT PERSON IS ACTING ON A PERMANENT OR TEMPORARY BASIS, WITH OR WITHOUT BEING COMPENSATED OR ON A FULLTIME OR PART-TIME BASIS. EMPLOYEE ALSO INCLUDES ALL ELECTED OR APPOINTED OFFICERS, MEMBERS OF GOVERNING BODIES AND OTHER PERSONS DESIGNATED TO ACT FOR AN AGENCY OR POLITICAL SUBDIVISION, BUT THE TERM DOES NOT MEAN A PERSON OR OTHER LEGAL ENTITY WHILE ACTING IN THE CAPACITY OF AN INDEPENDENT CONTRACTOR OR AN EMPLOYEE OF AN INDEPENDENT CONTRACTOR.
51 O.S. 155(18) (1987).
THE KEY TO RESPONDING TO YOUR QUESTION, THEN, ALWAYS BECOMES ONE OF WHETHER THE PERSON IN QUESTION IS AN INDEPENDENT CONTRACTOR OR AN EMPLOYEE" OF THE STATE, AS DEFINED IN THE TORT CLAIMS ACT, UNDER THE ACTUAL CONTRACTUAL RELATIONSHIP BETWEEN THE PARTIES. AN INDEPENDENT CONTRACTOR IS A PARTY ENGAGED TO PERFORM A CERTAIN SERVICE FOR ANOTHER, ACCORDING TO HIS OWN MANNER AND METHOD, FREE FROM CONTROL AND DIRECTION OF HIS EMPLOYER IN ALL MATTERS CONNECTED WITH THE PERFORMANCE OF THE SERVICE, EXCEPT AS TO THE RESULT OR PRODUCT OF THE SERVICE. HUNTER CONSTRUCTION CO. V. MARRIS, 388 P.2D 5, 7 (OKLA. 1963). THE DECISIVE TEST FOR DETERMINING WHETHER A PERSON IS AN EMPLOYEE OR AN INDEPENDENT CONTRACTOR IS THE RIGHT TO CONTROL THE PHYSICAL DETAILS OF THE WORK. MURRELL V. GOERTZ, 597 P.2D 1223, 1225 (OKLA. APP. 1979). EVEN WHERE A PARTICULAR CONTRACT DOES NOT APPEAR TO CONTEMPLATE THE EXERCISE OF DETAILED CONTROL BY THE EMPLOYER, THE RELATIONSHIP CREATED WILL NOT BE THAT OF AN INDEPENDENT CONTRACTOR IF THE EMPLOYER IN FACT UNDERTAKES TO EXERCISE SUCH CONTROL. TEXACO. INC. V. LAYTON, 395 P.2D 393, 397 (OKLA. 1964).
MR. JAMES FRANKS, CHIEF OF THE TORT DEFENSE DIVISION OF THIS OFFICE, WAS RECENTLY ASKED BY THE DEPARTMENT OF TOURISM AND BY SENATOR BILLIE FLOYD TO MAKE A FACTUAL REVIEW OF A SPECIFIC SET OF CONTRACTUAL DOCUMENTS PREVIOUSLY ENTERED INTO BETWEEN THE DEPARTMENT AND A CERTAIN GROUP OF STABLE CONCESSIONAIRES TO DETERMINE THE LEGAL RAMIFICATIONS OF THOSE AGREEMENTS, AS THEY RELATE TO TORT COVERAGE. AFTER A REVIEW OF THE AGREEMENTS, IT WAS THE LEGAL OPINION OF MR. FRANKS THAT THE DOCUMENTS EVIDENCED WHAT WOULD BE DEEMED AN "EMPLOYMENT" RELATIONSHIP BETWEEN THE PARTIES UNDER THE LAW AS OUTLINED ABOVE, RATHER THAN A TRUE INDEPENDENT CONTRACTOR RELATIONSHIP. THIS OPINION WAS REACHED BECAUSE THE TERMS OF THE LEASES BETWEEN THE DEPARTMENT AND THESE CONCESSION HOLDERS WERE SO DETAILED IN THEIR SCOPE AND VESTED SO MUCH CONTROL OVER THE OPERATIONS OF THESE CONCESSIONS AS TO MAKE THESE PERSONS, FOR TORT CLAIMS ACT COVERAGE ONLY, "EMPLOYEES" OF THE STATE.
MR. FRANKS HAS ALSO ADVISED THE DEPARTMENT THAT IT IS NOT REQUIRED UNDER THE LAW TO MAKE ITS CONTROLS OVER THESE PERSONS SO TIGHT AS TO BRING THEM WITHIN THE DEFINITION OF BEING EMPLOYEES. HOWEVER, THE DEPARTMENT, I AM ADVISED CHOOSES TO DO SO AS A MATTER OF POLICY. I HAVE ENCLOSED A COPY OF THIS LETTER WITH THIS TRANSMISSION FOR YOUR INFORMATION. AGAIN, PLEASE UNDERSTAND THAT THE LETTER IN QUESTION IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL, NOR DOES IT ATTEMPT TO RESOLVE, AS A GENERAL PRINCIPLE, THE QUESTION OF INCLUSION UNDER THE STATE'S RISK MANAGEMENT PROGRAM OF ALL PERSONS HAVING CONTRACTUAL RELATIONS WITH THE STATE, OR EVEN THE DEPARTMENT. RATHER, THE LETTER IS THE LEGAL OPINION OF MR. FRANKS THAT, BASED ON HIS PERSONAL REVIEW OF THE DOCUMENTS IN QUESTION, AN "EMPLOYMENT" RELATIONSHIP HAD ARISEN IN THE SPECIFIC SITUATION UNDER REVIEW THAT THE STATE PROBABLY COULD NOT SUCCESSFULLY DENY IF THE QUESTION WERE TO BE PRESENTED TO A COURT OF LAW.
INDEED, THE ONLY WAY THAT ANY DETERMINATION COULD EVER BE MADE CONCERNING THE PROPRIETY, AS A MATTER OF LAW (RATHER THAN ONE OF POLICY ONLY), OF ANY GIVEN SITUATION WOULD BE TO INDIVIDUALLY REVIEW THE FACTUAL CIRCUMSTANCES PRESENT IN THAT CASE, AS MR. FRANKS DID FOR THE DEPARTMENT IN THIS CASE. ACCORDINGLY, AS THE STATUTES GOVERNING THIS OFFICE ONLY PERMIT THE ISSUANCE OF FORMAL, BINDING OPINIONS ONLY WHERE THE PURE APPLICATION OF LAW CAN RESOLVE SAME, NO SUCH FORMAL OPINION CAN BE ISSUED. HOWEVER, I HOPE THAT THE INFORMATION THAT I HAVE PROVIDED TO YOU IN THIS LETTER WILL ASSIST YOU IN RESOLVING YOUR CONCERNS.
(MICHAEL SCOTT FERN)